McWhorter again when he received the premium notice of July, 1978. Again, McWhorter said this was due to computer error. Grissom took the July 1979 premium notice to McWhorter's office in Birmingham, but McWhorter was not in. Grissom left the premium notice at McWhorter's office. McWhorter wrote him a letter a few days later, explaining that the computers were fouled up and that he was handling everything. Grissom also received premium notices in 1980, 1981, 1982, and 1983.

In the spring of 1982, after receiving a Lincoln interest statement, Grissom called McWhorter. He told McWhorter that the interest was eating his policy up. He told McWhorter that it was his understanding that there was to be no interest on the Lincoln loan. McWhorter stated that Grissom misunderstood him, and in any event, the interest he was earning on his Dixie policy was enough to offset the interest incurred on the Lincoln loan.

The trial court granted summary judgment on the basis of the interest bills and the premium notices, noting as to the latter that a reasonable person would have made inquiry if a computer error had not been corrected after so many years.

Appellant claims that there is a dispute of fact as to whether the interest bills were expected or unexpected. At most, appellant contends, this was a misunderstanding by one inexperienced in insurance matters, and does not constitute notice of fraud as a matter of law.[31] According to appellant, McWhorter had told him that the interest earned on the Dixie policy would offset interest incurred on the Lincoln policy.

■ Although we doubt whether, in this computer age, where tales of technology gone awry have enlivened many bland gatherings, receipt of the premium notices alone would constitute grounds for summary judgment, these notices, combined with appellant's receipt of interest bills, provide

firm grounds for summary judgment. Affirmed.

In summary, we AFFIRM as to appellants Polk, Hitt, Johnson, Walker, Bone, Fowler, Washburn, Ponder, Grissom, and Hunt, and REVERSE as to appellants Fundaburk, Dominick, Cook, Tucker, Spencer, McCown, Haven, Burdick, Russell Pinyan, Robert Pinyan, Godfrey, Nichols and Edwards.

**John G. HAGMEYER, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

**Appeal No. 86–1136.**

United States Court of Appeals, Federal Circuit.

Jan. 16, 1987.

Peter J. Carre, Washington, D.C., submitted for petitioner.

Mary L. Jennings, Associate Gen. Counsel for Litigation, Merit Systems Protection Bd., Washington, D.C., argued for the Merit Systems Protection Bd. With her on brief were Llewellyn M. Fischer, Acting Gen. Counsel, Marsha E. Mouyal, Reviewer for Litigation and Stephanie M. Conley.

David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for Dept. of the Treasury. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., Robert A. Reutershan and Stephen J. McHale.

---

31. The trial court noted that appellant admitted in its deposition that more than a year before filing suit he became aware that his impression that the loan bore no interest was incorrect.

## ORDER

The Motion of the Merit Systems Protection Board to file Post-Argument Supplemental Statement is denied.

**John G. HAGMEYER, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

**Appeal No. 86–1136.**

United States Court of Appeals, Federal Circuit.

Jan. 16, 1987.

See also, D.C., 647 F.Supp. 1300.

Peter J. Carre, Washington, D.C., submitted for petitioner.

Mary L. Jennings, Associate Gen. Counsel for Litigation, Merit Systems Protection Bd., Washington, D.C., argued for the Merit Systems Protection Bd. With her on brief were Llewellyn M. Fischer, Acting Gen. Counsel, Marsha E. Mouyal, Reviewer for Litigation and Stephanie M. Conley.

David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for Dept. of The Treasury. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., Robert A. Reutershan and Stephen J. McHale.

Before MARKEY, Chief Judge, FRIEDMAN, RICH, DAVIS, SMITH, NIES, NEWMAN, BISSELL and ARCHER, Circuit Judges.

### ORDER

ARCHER, Circuit Judge.

In this appeal of the denial by the Merit Systems Protection Board (MSPB or board) of attorney's fees, the board was initially designated as respondent, consistent with the decisions of this court in *Hopkins v. Merit Systems Protection Board,* 725 F.2d 1368 (Fed.Cir.1984), and *Peterson v. Department of Energy,* 737 F.2d 1021 (Fed. Cir.1984). On May 28, 1986, the board filed a motion to reform the caption by substituting the Department of the Treasury as respondent. In doing so, it advanced an interpretation of *Peterson* that would call for the board to be the respondent "in attorney fee cases only when they involve the articulation of a new rule of law by the Board...." Otherwise, the board pro-